UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| JOYCE EASTON, | : | CASE NO. 4:18-cv-2289 |
| | : | |
| Plaintiff, | : | ORDER |
| | : | [Resolving Doc. 34] |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Joyce Easton sought unpaid benefits from the Social Security Administration. After Defendant Social Security Commissioner denied her benefits, Easton sought this Court's review. The Court vacated the Commissioner's decision and remanded Easton's case. Easton eventually recovered over $100,000 in unpaid benefits.

Now, Easton's attorney moves for attorney fees. Because the requested fee of $564.38 per hour totaling $16,705.75 would amount to a windfall for Easton's attorney, the Court **GRANTS IN PART** and **DENIES IN PART** Easton's attorney-fee motion. The Court **ORDERS** payment of attorney fees at $400 per hour for 29.6 hours totaling $11,840.

I.   Background

In October 2018, Plaintiff Easton asked the Court to review the Commissioner's decision to deny her benefits.[1]  Easton hired Attorney Suzanne Hayden and agreed to pay Hayden a contingent fee of 25% of any recovery.[2]

---

[1] Doc. 1.
[2] Doc. 34-1.

Case No. 4:18-cv-2289
GWIN, J.

Less than a year later, the Court vacated the Commissioner's decision and remanded the case for further consideration.[3] On remand, the Commissioner awarded Easton $104,391 in past-due benefits.[4]

The Court earlier approved the parties' joint stipulation to award Easton $5,500 in attorney fees under the Equal Access to Justice Act.[5] And the Commissioner authorized Attorney Hayden to collect $9,065 in attorney fees from Plaintiff Easton for representing Easton on remand.[6]

Plaintiff now asks the Court to authorize attorney fees of $564.38 per hour totaling $16,705.75.[7] The Government opposes and argues that the requested fee would award Attorney Hayden a windfall. The Government asks the Court to cap attorney fees at $400 per hour totaling $11,840.

## II. Discussion

Two federal statutes authorize attorney fees in Social Security cases. First, 42 U.S.C. § 406(b) provides that courts may allow a reasonable fee up to 25% of the past-due Social Security benefits. The § 406(b) fee comes out of the claimant's recovered benefits. Second, 28 U.S.C. § 2412(b) (Equal Access to Justice Act) generally allows courts to award reasonable attorney fees when an attorney obtains a successful judgment against the United States.

If an attorney receives fees under both § 406(b) and § 2412(b), the attorney must refund to the client the smaller of the two awards.[8]

---

[3] Doc. 26.
[4] *See* Doc. 34-2; 34-3; 34-4
[5] Doc. 29; 28 U.S.C. § 2412.
[6] Doc. 34-8.
[7] Doc. 34. The Court denied Plaintiff Easton's first motion for attorney fees under 42 U.S.C. § 406(b) without prejudice. Doc. 33. Because Easton had not yet received her Disability Insurance Benefits Notice of Award, the Court could not determine whether the requested fee was reasonable. *Id.* at 2 (PageID 1201).
[8] Awards in Certain Social Security Proceedings, Pub. L. No. 99-80, § 3, (1985).

Case No. 4:18-cv-2289
GWIN, J.

When deciding whether to award § 406(b) fees, courts in this circuit presume a 25% contingency fee is reasonable.[9] But counsel may not "enjoy an undeserved windfall due to the client's large back pay award or the attorney's relatively minimal effort."[10]

When deciding whether a contingency fee would amount to a windfall, courts consider: (1) standard hourly rates in Social Security cases;[11] (2) whether the requested fee more than doubles the standard rate;[12] and (3) the representation's brevity.[13]

As the Supreme Court explained in *Gisbrecht v. Barnhart*,[14] "if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is … in order."[15]

Here, Plaintiff's attorney would enjoy a windfall if this Court approved a $564.38 hourly rate. Although the requested fee is less than double the $350 standard rate, this Court has consistently capped Social Security fees at $400.[16] Further, counsel spent relatively little time on this case—29.6 hours.[17] So the Court will cap attorney fees at $400 per hour.

### III. Conclusion

The Court **ORDERS** payment of $400 per hour for 29.6 hours totaling $11,840. Attorney Hayden must also refund Plaintiff Easton the $5,500 in attorney fees this Court awarded under the Equal Access to Justice Act.

IT IS SO ORDERED.

---

[9] *Hyla v. Commr. of Soc. Sec.*, 1:18-CV-1279, 2020 WL 3512843 (N.D. Ohio June 29, 2020) (quoting *Hayes v. Sec. of Health and Human Services*, 923 F.2d 418, 419 (6th Cir. 1990)).
[10] *Id.*
[11] *Id.* (quoting *Lasley v. Commr. of Soc. Sec.*, 771 F.3d 308, 310 (6th Cir. 2014)).
[12] *Id.* (citing *Hayes*, 923 F.2d at 422)
[13] *See id.* (quoting *Lasley*, 771 F.3d at 310).
[14] 535 U.S. 789 (2002).
[15] *Id.* at 791.
[16] *See Stayton v. Commr. of Soc. Sec.*, 1:18-CV-1976, 2022 WL 3151822, at *2 n.19 (N.D. Ohio Aug. 8, 2022) (collecting cases).
[17] Doc. 34, at 3 (PageID 1204).

Case No. 4:18-cv-2289
GWIN, J.

Dated: January 10, 2023 		*s/	James S. Gwin*
			JAMES S. GWIN
			UNITED STATES DISTRICT JUDGE

- 4 -